#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

GERALD PETERS,

    Plaintiff,

v.                                                               CV 21-0564 WJ/JHR

JOSEPH FRONTIERE, NICHOLAS
FRONTIERE, MICHAEL GHISELLI,
JOSEPH CELLURA, and TARSIN
MOBILE, INC.,

    Defendants.

JOSEPH FRONTIERE,

    Cross-Claimant,

v.

MICHAEL GHISELLI, JOSEPH CELLURA,
and TARSIN MOBILE, INC.,

    Crossclaim Defendants.

## ORDER ON [DOC. 66]: MOTION TO EXTEND DEADLINE
## TO RESPOND TO MOTION TO COMPEL

This matter comes before the Court on the Tarsin Defendants' Motion to extend their deadline to respond to Peters' Motion to Compel. [Doc. 66]. Having considered the Motion against the pertinent law the Court finds that it should be **granted**.

### I.    BACKGROUND

On March 2, 2022, Peters filed a motion to compel discovery responses from Ghiselli, Cellura and Tarsin Mobile ("Tarsin Defendants"). [Doc. 58]. On March 16, 2022, Tarsin Defendants filed a motion to extend their deadline to respond to the motion to compel. [Doc. 66].

1

Peters filed a response to the motion to extend on March 29, 2022. [Doc. 74]. Without filing a reply, Tarsin Defendants filed a notice of completion of briefing on April 6, 2022. [Doc. 76].

The motion to extend requests an additional seven days beyond the standard, extending the deadline for response to March 23, 2022. [Doc. 74, p. 2]. Tarsin Defendants filed a response to Peters' motion to compel on March 23, 2022. [Doc. 71].

The stated rationale for the extension is a need for additional time to review emails from Joseph Frontiere's ep5.com account and for supplementation of previous responses with additional documents received on March 10, 11 and 15, while simultaneously preparing the Tarsin Defendants' response to the motion to compel. [Doc. 66, p. 2]. Tarsin Defendants assert that the requested extension will not affect other case management deadlines. [*Id.*].

Peters opposed the requested extension because "financial documents [Peters] first requested December 13, 2021 and that the Tarsin Defendants were promising to produce are of critical importance to [Peters'] expert report" which is due for disclosure on March 28, 2022. [Doc. 74, p. 2]. Peters noted that "Tarsin Defendants produced some additional financial documents and email communications" on March 23, 2022 ("the same day they filed their response to [Peters'] motion to compel"). [*Id.*] Peters certified his timely expert disclosure on March 28, 2022. [Doc. 73].

## II.   APPLICABLE LAW

Extending the deadline to respond to a motion is a function of the court's authority to manage its docket, reviewed on appeal for abuse of discretion. *See Luciani v. Ingle*, 282 F. App'x 641, 642 (10th Cir. 2008) (unpublished) (citing *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). Under Rule 6(b)(1), a court may extend a deadline for "good cause." *Id.* If the request is made before the original deadline, the court need only find good cause for the extension. *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016); Rule 6(b)(1)(A);

*Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017) (unpublished). Here, the Motion to Extend was filed on the deadline to file a response to the Motion to Compel – March 16, 2022. [Docs. 58, 66].

Good cause comes into play in situations in which there is no fault—excusable or otherwise. *See Herbert*, 678 Fed. App'x at 700-701. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. *Id.* It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts. I*d.* While "an enlargement of the time period is by no means a matter of right[,] … Rule 6(b)(1) should be liberally construed to advance the goal of trying each case on the merits." *Herbert*, 678 Fed. App'x at 700 (quoted authority omitted).

### III.   ANALYSIS

The Tarsin Defendants have demonstrated good cause to extend the deadline to respond to Peters' Motion to Compel. The documents at issue were received by the Tarsin Defendants on March 10, 11, and 15, 2022, and their response to the Motion to Compel was due on March 16, 2022. The receipt of relevant documents by a party within days of a deadline for a response to a motion was, in these circumstances, beyond the control of the Tarsin Defendants. Therefore, the Tarsin Defendants have demonstrated good cause for the seven-day extension that they requested.

### IV.   CONCLUSION & ORDER

Wherefore, for the foregoing reasons the Motion to Extend [Doc. 66] is **granted**.

**SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE