## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GERALD PETERS,

      Plaintiff,

v.

JOSEPH FRONTIERE, NICHOLAS
FRONTIERE, MICHAEL GHISELLI,
JOSEPH CELLURA, and TARSIN MOBILE, INC.,

      Defendants.

and                                   No. 1:21-cv-0564 WJ/JHR

JOSEPH FRONTIERE,

      Cross-Claimant,

v.

MICHAEL GHISELLI, JOSEPH CELLURA,
and TARSIN MOBILE, INC.,

      Crossclaim Defendants.

### MEMORANDUM OPINION AND ORDER

      Pending before the Court are two Opposed Motions for Protective Orders (Doc. 91 and Doc. 108) filed by Defendants/Crossclaim Defendants Michael Ghiselli, Joseph Cellura, and Tarsin Mobile, Inc. (collectively, the "Tarsin Defendants").

      Both Motions are fully briefed: with regard to the First Motion (Doc. 91), Defendant/Cross-Claimant Joseph Frontiere and Defendant Nicholas Frontiere (the "Frontiere Defendants") filed a response in opposition (Doc. 101), to which the Tarsin Defendants filed a reply (Doc. 116). As to the Second Motion (Doc. 108), Plaintiff Gerald Peters ("Plaintiff") and the Frontiere Defendants each filed responses in opposition (Docs. 112, 125), to which the Tarsin Defendants replied (Docs.

1

135, 138).

Having considered the parties' submissions and the relevant law, the Court will deny both Motions (Docs. 91 and 108). The Court further finds that Plaintiff and the Frontiere Defendants are entitled to recover the reasonable fees and expenses they incurred in opposing one or both Motions.

## I.   BACKGROUND[1]

### A.  The First Motion (Doc. 91)

On December 3, 2021, the Court set a settlement conference in this matter for May 5, 2022. *See* Doc. 41. The settlement conference would have occurred approximately two months before the close of discovery, the deadline for which was June 27, 2022, under the terms of the Scheduling Order in place at the time. *See* Doc. 40. On April 11, 2022, the Court vacated the May 5, 2022, settlement conference at the unopposed request of the Frontiere Defendants. *See* Doc. 82. Based on the availability of the parties, the Court rescheduled the settlement conference for June 28, 2022, which was one day after the close of discovery. *See* Doc. 86.

On May 5, 2022, the Tarsin Defendants filed the First Motion (Doc. 91) seeking a protective order to delay certain discovery from taking place until after the June 28, 2022 settlement conference. *See* Doc. 91 at 2. In the First Motion, the Tarsin Defendants indicated that they only agreed to the Frontiere Defendants' request to reschedule the May 5, 2022 settlement conference because they were "advised that the Settlement Conference would only be moved out a week or so." *Id.* Because the settlement conference was ultimately reset to a date approximately seven weeks later, the Tarsin Defendants claimed the Frontiere Defendants were able to propound additional discovery requests, namely their third set of requests for production and a request to

---

[1] The Court limits its background section to the facts and procedural history relevant to the two Motions at issue.

depose the Tarsin Defendants' Rule 30(b)(6) corporate representative. *Id.* The Tarsin Defendants argued good cause existed for a protective order because they would not have incurred the expense associated with these discovery requests had the settlement conference taken place as initially planned on May 5, 2022. *Id.* In short, the Tarsin Defendants argued the Frontiere Defendants "intended to use the delay [in the settlement conference] as a rouse [sic] to engage in additional discovery." *Id.* at 4.

On May 19, 2022, the Frontiere Defendants responded to the First Motion. *See* Doc. 101. The Frontiere Defendants disputed the Tarsin Defendants' characterization of the timeline of events that led to rescheduling the settlement conference, and asserted that the Tarsin Defendants failed to show good cause for entry of a protective order. *Id.* at 2-3. The Tarsin Defendants filed their reply on June 3, 2022.

On June 8, 2022, the Court extended the discovery deadline to August 8, 2022. *See* Doc. 124. The settlement conference occurred on June 28, 2022, but was unsuccessful. *See* Doc. 140.

## B. The Second Motion (Doc. 108)

On May 26, 2022, the Tarsin Defendants filed the Second Motion (Doc. 108). In the Second Motion, the Tarsin Defendants sought a protective order postponing the June 1, 2022 deposition of Defendant/Crossclaim Defendant Joseph Cellura ("Mr. Cellura") for medical reasons. *See id.* The Second Motion included a May 5, 2022, letter from Mr. Cellura's cardiologist indicating that Mr. Cellura had cardiac surgery in April 2022 and "must avoid stressful producing events for at least another 60-90 days." *See* Doc. 108-1.

Plaintiff filed a response in opposition stating he was amenable to delaying Mr. Cellura's deposition if Mr. Cellura was ordered to respond to "limited scope written deposition questions regarding the Frontiere Defendants prior to his own deposition and the depositions of the Frontiere

Defendants." *See* Doc. 112 at 4. Plaintiff further chronicled the timeline of relevant discovery events, which appeared to show that Mr. Cellura could have appeared for a deposition prior to his second cardiac surgery but had not apprised his own counsel of the surgery at any point during his counsel's communications with Plaintiff's counsel regarding the scheduling of Mr. Cellura's deposition. *Id.* at 1–3. Plaintiff did not learn that Mr. Cellura would not be attending his June 1, 2022 deposition until May 24, 2022, when Plaintiff was provided a copy of the letter from Mr. Cellura's cardiologist. *Id.* In their response in opposition to the Second Motion, the Frontiere Defendants echoed Plaintiff's concerns regarding the delay in learning of Mr. Cellura's unavailability. *See* Doc. 125. The Frontiere Defendants asserted that delaying Mr. Cellura's deposition would unduly prejudice their defense of Plaintiff's claims against them. *Id.*

The Tarsin Defendants filed reply briefs to Plaintiff and the Frontiere Defendants' responses on June 22, 2022 and June 24, 2022. *See* Docs. 135, 138. In the latter reply brief, counsel for the Tarsin Defendants indicated that while he was aware of Mr. Cellura's cardiac surgery, he had not anticipated that Mr. Cellura's recovery and medical issues would cause him to be unavailable for his deposition. *See* Doc. 138.

On August 8, 2022, the parties jointly moved for a limited extension of the discovery deadline. *See* Doc. 166, 168. By way of that joint motion, the Court learned the parties had reached an agreement to reschedule Mr. Cellura's deposition for August 29, 2022. *See* Doc. 166 at 2. The deposition was subsequently rescheduled a third time, and was eventually held on September 7–8, 2022. *See* Doc. 175 at 2. Because the deposition did not finish in those two days, the Court granted the parties' motion for a limited extension of the deadline to complete the deposition to September 23, 2022. *See* Doc. 176.

## II.   <u>LEGAL STANDARDS</u>

### A.  Discovery and Protective Orders

Rule 26 of the Federal Rules of Civil Procedure sets the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As with all of the Federal Rules of Civil Procedure, the discovery rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

All discovery has it limits and the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). "Protective orders serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010). The burden is on the moving party to demonstrate good cause for the requested protective order. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

### B.  Attorney's Fees and Costs

Rule 37(a)(5) applies to the award of expenses where a protective order is sought. *See* Fed. R. Civ. P. 26(c)(3). Under Rule 37(a)(5)(A), the Court must award expenses against the nonmovant or its attorney if a motion seeking a protective order is granted unless the nonmovant's position

was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the Court instead must award expenses against the movant. *See* Fed. R. Civ. P. 37(a)(5)(B). If a motion is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. *See* Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (internal quotation omitted)), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

### III.   ANALYSIS

**A. The Tarsin Defendants Failed to Show Good Cause for Issuance of the Requested Protective Orders**

As noted in the background section, the discovery at issue in the First and Second Motions has been completed since the Motions were first filed. But even if such discovery remained pending, the Court finds that the Tarsin Defendants have failed to show good cause for the issuance of the protective orders sought in both Motions.

With regard to the First Motion, the Tarsin Defendants do not argue that the Frontiere Defendants were not entitled to the discovery at issue—that is, there is no question that the Frontiere Defendants' third set of requests for production and their request to depose the Tarsin Defendants' Rule 30(b)(6) corporate representative fell within the scope of permissible discovery under Rule 26. Instead, the Tarsin Defendants take issue with the timing of the discovery requests, arguing that they should not bear the expense of such discovery until after the settlement conference. This argument lacks merit. While parties sometimes do agree to limit and/or delay certain discovery until after a settlement conference takes place, there is no express requirement under the federal or local rules that they must do so. The Frontiere Defendants' discovery requests were timely. That a settlement conference was scheduled was not a good cause basis for a

protective order. Regardless of whether the settlement conference was postponed for one or seven weeks, the Tarsin Defendants cannot use the settlement conference to supply the good cause needed to warrant entry of a protective order. Additionally, the Tarsin Defendants' assertion that the requested discovery would cause them undue expense is cursory and therefore insufficient to establish good cause. *See Gulf Oil Co.*, 452 U.S. at 102 n.16 (to demonstrate good cause for a protective order, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.").

Turning to the Second Motion, while the Court is sympathetic to Mr. Cellura's health issues, the bottom line is that neither Plaintiff nor the Frontiere Defendants were made aware of Mr. Cellura's unavailability until a week before his deposition—which, as the email communications show, the parties spent several weeks attempting to schedule. The letter from Mr. Cellura's cardiologist was issued on May 5, 2022, but inexplicably not provided to opposing counsel until May 24, 2022. Significantly, the Court notes that Plaintiff attempted to make alternate arrangements by agreeing to delay the deposition if Mr. Cellura was willing to answer a limited set of written discovery requests so that depositions of other witnesses and parties could move forward as scheduled. The Tarsin Defendants, however, failed to respond to Plaintiff's request, electing instead to file the Second Motion.

Because the Tarsin Defendants have failed to establish good cause for the issuance of the requested protective orders, the Court will deny the First and Second Motions.

**B. Attorney's Fees and Costs**

Under Rule 37(a)(5), Plaintiff and the Frontiere Defendants are entitled to attorney fees and costs associated with defending the First and/or Second Motions. Within fourteen days of entry of this Order, the Court invites Plaintiff and the Frontiere Defendants to submit affidavit(s) setting forth the fees and expenses incurred with defending the Motion(s). The Tarsin Defendants may

lodge objections, if any, to the requested fees and expenses within fourteen days of service of the affidavits.

## IV.    <u>CONCLUSION</u>

For the reasons stated above, the Court denies the Tarsin Defendants' Opposed Motions for Protective Orders (Doc. 91 and Doc. 108).

**IT IS SO ORDERED**.

JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE