UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GERALD PETERS,

    Plaintiff,

v.                                                   No. 1:21-cv-00564 LF/JHR

JOSEPH FRONTIERE, NICHOLAS FRONTIERE,
MICHAEL GHISELLI, JOSEPH CELLURA, and
TARSIN MOBILE, INC.,

    Defendants,

JOSEPH FRONTIERE,

    Cross-claimant,

v.

MICHAEL GHISELLI, JOSEPH CELLURA,
and TARSIN MOBILE, INC.,

    Crossclaim Defendants.

## MOTION FOR DEFAULT JUDGMENT AGAINST TARSIN MOBILE, INC.

Plaintiff Gerald Peters, by and through his undersigned counsel, respectfully requests that the Court enter default judgment against Tarsin Mobile, Inc. (Tarsin Mobile) in accordance with Local Rule 82.8(c). Plaintiffs have sought the defendants' position on this motion. The Frontiere Defendants have indicated that they oppose the motion. Mr. Ghiselli and Mr. Ghiselli on behalf of Tarsin Mobile oppose this motion. No response has been received from Mr. Cellura.

The Court has allowed Guebert Gentile Piazza and Junker P.C.'s to withdraw as counsel for Tarsin Mobile, Mr. Ghiselli, and Mr. Cellura but ordered these defendants to obtain new counsel by May 7, 2024. The Court warned that if Tarsin Mobile did not obtain new counsel by May 7, 2024, that the Court "may enter default judgment or impose other sanctions." Doc. 256 at 4. As the Court's order recognizes, the local rules state that after counsel for a company withdraws and

"[a]bsent entry of appearance by a new attorney, any filings made by the corporation . . . may be stricken and default judgment or other sanctions imposed. D.N.M.LR-Civ. 83.8(c).

Courts possess the inherent power to fashion appropriate sanctions in order to manage their dockets. *See Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1221, 1230 (D.N.M. 2011) ("Federal courts possess inherent powers necessary to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. Among those inherent powers is the ability to fashion an appropriate sanction.") (gathering cases) (internal citations and quotations omitted). District courts also "have broad discretion in interpreting and applying their local rules." *Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009).

When determining whether to enter default judgment, the Court may consider several factors. *See EEOC v. Roswell Radio, Inc.*, No. CIV 06-0253 JB/LAM, 2007 U.S. Dist. LEXIS 97716, at *21-22 (D.N.M. Oct. 5, 2007) (analyzing default judgment in the context of Local Rule 83.8(c) and applying four factors: (1) culpability of the offending party, (2) degree of actual prejudice to non-offending party, (3) whether the offending party had warning of default judgment, (4) whether lesser sanctions had been effective).

### A. Tarsin Mobile is Culpable for the Delay and the Court has Given Warning of Default Judgment

Tarsin Mobile's refusal to communicate with its previous New Mexico counsel led directly to the Court allowing Mr. Gentile to withdraw. Tarsin Mobile has continued its improper conduct by apparently failing to take any steps to obtain counsel. *See generally* Doc. 259. It has caused the current predicament. Tarsin Mobile had a clear warning that the Court may impose default judgment if it refused to obtain counsel by May 7, 2024. *See* Doc. 257; Doc. 258.

### B. Plaintiff Will Suffer Prejudice if the Court Fails to Issue Default Judgment

In the next 12 days, all the major pre-trial deadlines are set to take place. Without counsel, Tarsin Mobile cannot, for example, file an exhibit or witness list—depriving plaintiff of knowing what evidence it plans to offer at trial. In addition, Mr. Ghiselli filed a letter on May 6, 2024 in which he purported to be at odds with Mr. Cellura—both of whom, to plaintiff's knowledge, remain officers and directors of Tarsin Mobile. This places plaintiff in the position of not knowing which officer speaks for the corporation—which is precisely why courts require a corporation to be represented. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) (rejecting a partner attempt to appear on behalf of a partnership because "his interests may be incongruous with" the other partners). Entry of default judgment will cure this prejudice.

### C. Lesser Sanctions Will Be Ineffective

Given the current time constraints of the trial and the Court's Order to Show Cause, lesser sanctions will not cure the harm caused by Tarsin Mobile failing to properly defend this action through counsel. Mr. Ghiselli's recent letter, doc. 259, indicates no substantive actions have been taken to obtain counsel for Tarsin Mobile despite the Court's order. Applying lesser sanctions[1] such as monetary fines will not cure the prejudice caused by plaintiff being deprived of Tarsin.

---

[1] Plaintiff is aware that another court in this district has previously applied Local Rule 83.8(c) and enforced a settlement agreement as a sanction against a company that failed to obtain counsel after a withdrawal. But Judge Brack's reasoning and the facts of *Got Prods. LLC v. Zepto LLC* are not applicable here. No. CIV 18-0893 RB/LF, 2020 U.S. Dist. LEXIS 15430, at *7 (D.N.M. Jan. 30, 2020). In *Got Prods. LLC*, all the parties entered into a formal written settlement agreement with the plaintiff, the Court dismissed the case, and then a defendant breached the settlement agreement, which plaintiff sought to enforce. After dismissal and before the breach, counsel for Zepto, LLC withdrew.

Here, Tarsin Mobile is not a party (it is likely a third-party beneficiary because plaintiff agreed to release claims against it) to plaintiff's settlement agreement with the Frontiere Defendants. *See* Doc. 252. It is apparently a party to separate agreements with the Frontiere Defendants on the subject of which defendants will pay the settlement funds, but the Frontiere Defendants have not sought to enforce that agreement. Because Tarsin Mobile is not a party to plaintiff's settlement agreement, plaintiff has no interest in wading into conflicts among the defendants. Unlike the Court in *Got Prods. LLC*, default judgment is an available and appropriate remedy to seek to cure the prejudice caused by Tarsin Mobile.

3

Mobile's exhibits and witness lists prior to trial—deadlines that even if counsel were obtained today would be nearly impossible to meet.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the plaintiff respectfully requests that the Court enter default judgment against Tarsin Mobile.

Respectfully submitted,

BARDACKE ALLISON MILLER LLP

By: */s/ Billy Trabaudo*
Benjamin Allison
Billy Trabaudo
P.O. Box 1808
141 E. Palace Avenue
Santa Fe, NM  87504-1808
505-995-8000
ben@bardackeallison.com
billy@bardackeallison.com

Dated: May 8, 2024.

## CERTIFICATE OF SERVICE

I, Billy Trabaudo, hereby certify that I caused a true and correct copy of the foregoing *Certificate of Service* to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON MILLER LLP

By: */s/ Billy Trabaudo*
      Billy Trabaudo